UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE No.: ____________________

CLEAN ICE, LLC a Florida Limited Liability Company d/b/a CLEVELAND'S OLD FASHIONED ICE CREAM, on behalf of Itself and all similarly situated individuals and Business entities

Plaintiff,

vs.

ATLANTIC CASUALTY INSURANCE COMPANY, a North Carolina Corporation.

Defendant.
_____________________________________/

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and 1453, Defendant ATLANTIC CASUALTY INSURANCE COMPANY ("ACIC") through undersigned counsel, hereby removes the above-captioned matter to this Court from the Circuit Court of the Seventeenth Judicial Circuit of Florida, Broward County. In support of removal, ACIC states as follows:

**BACKGROUND**

1. On May 12, 2026, Plaintiff, CLEAN ICE, LLC d/b/a CLEVELAND'S OLD FASHIONED ICE CREAM ("Plaintiff"), commenced the State Court Action with the filing of the Complaint in the Seventeenth Judicial Circuit of Florida, Broward County (Case No. CACE-26-007912) (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the docket, summons, and Complaint and all other filings currently pending in the State Court Action are attached as **Exhibit "1."**

3. Service of the Complaint was received by the Chief Financial Officer of the State of Florida on May 18, 2026.

4. Plaintiff alleges ACIC issued Plaintiff a Commercial Lines Policy and charged it a total premium of $2,660.71. Compl. at ¶¶ 14, 16.

5. Plaintiff further alleges that ACIC audited the premium and, as a result, demanded additional premium exceeding four times the amount listed on the Policy's Declarations page. Compl. at ¶¶ 19-20.

6. Plaintiff further alleges the premium audit provisions of ACIC's policy issued are "indefinite and unenforceable as a matter of Florida contract law." Compl. at ¶¶ 35, 87 at WHEREFORE Clause (a).

7. The Complaint purports to bring claims on behalf of the following class of individuals against ACIC:

> All persons or business entities in the State of Florida who were insured under Commercial General Liability policies issued by Atlantic Casualty Insurance Company containing endorsement AGL-012 (08-18) or materially identical premium audit provisions and who were assessed, billed for, or paid additional premium following a post-policy premium audit.

Compl. at ¶ 57.

8. In the Complaint, Plaintiff seeks: (1) a declaration that the premium audit provision of the Commercial Lines insurance policy is unenforceable; and (b) costs and attorney's fees; (c) a declaration pursuant to Section 86.061, Florida Statutes, determining further relief in the form of judgment and/or injunctive relief directing ACIC to refund all audited or earned premiums collected from previous insureds. Compl. at ¶ 87 at WHEREFORE Clause (a)-(c).

## TIMELINESS OF REMOVAL

9. This Notice of Removal is timely because it was filed within thirty days of service on ACIC, as required by 28 U.S.C. §§ 1446(b) and 1453(b).

10. Specifically, ACIC received service through the Chief Financial Officer of the State of Florida on May 18, 2026.

## VENUE

11. The United States District Court for the Southern District of Florida encompasses the place where the State Court Action is pending. Accordingly, this Court is the proper federal venue for this action.

## JURISDICTION UNDER CAFA

12. This Court has jurisdiction over this matter and is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

13. The Class Action Fairness Act of 2005, Pub L. 109-2, 119 Stat. 4 (2005), ("CAFA"), codified in various sections of Title 28 U.S.C. including 28 U.S.C. § 1332(d), vests federal courts with diversity jurisdiction over any (1) purported class action in which (2) "any member of a class of plaintiffs is a citizen of a state different from any defendant" (3) the proposed class contains at least 100 members, and (4) the amount in controversy is at least $5,000,000 in the aggregate. 28 U.S.C. §§ 1332(d)(2), (d)(5).

14. This case satisfies all four CAFA requirements for removal; it is a putative class action, Plaintiff is diverse from ACIC, the proposed class includes at least 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

### A. Minimum Diversity of Citizenship Exists

15. The minimum diversity of citizenship criteria under CAFA requires that any member of the putative class must be a citizen of a state different from that of any defendant. 28 U.S.C. §§ 1332(d)(2),

16. Plaintiff is a Florida limited liability company authorized to conduct business and is conducting business in Broward County, Florida. Plaintiff consists of two members: Cleveland Smith and Sonia Harris, both of whom are Florida citizens. Plaintiff therefore is a citizen of Florida.

17. ACIC is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina. Attached as **Exhibit "2"** is a true and correct copy of a publicly available record from the website of the Florida Office of Insurance Regulation (https://floir.com). ACIC is therefore a citizen of North Carolina.

18. Accordingly, minimal diversity (and, in fact, complete diversity) of citizenship exists under 28 U.S.C. § 1332.

**B. Proposed Class Exceeds 100 Class Members**

19. The Complaint itself states: "[ACIC] issued policies to *hundreds, if not thousands,* of individuals and business entities who are currently insureds or subject to a demand for a premium audit under Commercial Lines Policies similar or identical to the Policy issued to Plaintiff by ACIC." Compl. at ¶ 58 (emphasis added).

20. According to the Complaint, the proposed class consists of: All persons or business entities in the State of Florida who were insured under Commercial General Liability policies issued by Atlantic Casualty Insurance Company containing endorsement AGL-012 (08-18) or materially identical premium audit provisions and who were assessed, billed for, or paid additional premium following a post-policy premium audit. Compl. at ¶ 57.

21. ACIC's records show 3,760 such policies were audited from May 13, 2021 to June 3, 2026. *See* Decl. of Varen Moore ¶ 6 (**Exhibit "3"**). The putative class therefore exceeds 100 members.

**C. The Amount in Controversy Exceeds $5,000,000**

22. Based on the Plaintiff's allegations and legal theories, the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs.

23. Plaintiff seeks an order requiring ACIC to "refund all audited or earned premiums collected from previous insureds." Compl. at ¶ 87 at WHEREFORE Clause (c).

24. Plaintiff also seeks to represent a class of ACIC policyholder insureds under Commercial General Liability policies "containing endorsement AGL-012 (08-18) or materially identical premium audit provisions and who were assessed, billed for, or paid additional premium following a post-policy premium audit." Compl. at ¶ 57.

25. ACIC's records show that the total additional premium assessed after policy issuance for the putative class, assuming a four-year statute of limitations period is nearly $14,000,000. *See* Decl. of Varen Moore ¶ 7 (**Exhibit "3"**). The evidence therefore establishes that the class-wide amount in controversy readily exceeds CAFA's $5,000,000 threshold.

26. No previous application has been made for the relief requested herein.

27. In sum, removal is appropriate under CAFA because: (1) the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different from ACIC; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) the procedural requirements of removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Atlantic Casualty Insurance Company, respectfully removes this action from the Circuit Court of the Seventeenth Judicial Circuit of Florida, Broward County.

Dated: June 17, 2026

**HINSHAW & CULBERTSON, LLP**

By: /s/ Stephanie S. Carlton
Gary Khutorsky, Esq. (FBN 814271)
gkhutorsky@hinshawlaw.com
Stephanie S. Carlton, Esq. (FBN 123763)
scarlton@hinshawlaw.com
201 East Las Olas Blvd, Suite 1450
Ft. Lauderdale, FL 33301
Tel: 954-467-7900
Fax: 954-467-1024
*Attorneys for Defendant,*
*Atlantic Casualty Insurance Company*